# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **MORRIS DEMOND SCHOFIELD**<br>    LA. DOC #579832<br>VS. | CIVIL ACTION NO. 3:17-CV-00241<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| **CALDWELL CORRECTIONAL CENTER, ET AL** | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Morris Demond Schofield, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 6, 2017. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana and complains that he was the victim of sexual harassment and excessive force by a Corrections Officer on January 30, 2016 at 4:23 p.m. Plaintiff sued FPDC Warden Chad Lee, Sgt. Jeremy Austin, Sgt. Gary Killingsworth and Captain Randy Sewell, seeking compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted

### *Background*

Plaintiff alleges that at 4:23 p.m. on January 30, 2017, Sgt. Jeremy Austin was walking past him in the hallway and brushed his genitals against plaintiff's leg. Plaintiff turned to him and said, "excuse you." Sgt. Austin then looked at plaintiff and smiled, "in a sexual way." Plaintiff

immediately returned to his dorm, filled out a grievance form and gave it to the Warden.

The following day, Captain Randy Sewell called him in the supervisor's office and told him that he did not believe Sgt. Austin would do such a thing.

Upon leaving the supervisor's office, he stopped in the hallway and asked if he could speak with Warden Chad Lee, at which time Sgt. Gary Killingsworth pulled out his tazer and told him to go back to the dorm. As of February 2, 2017, he still had not spoken with the Warden.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

(5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

**2. Sexual Abuse**

Sexual abuse of a prisoner by prison officials may amount to cruel and unusual punishment in violation of the Eighth Amendment. *See Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). A two-part test determines whether prison officials have violated the Eighth Amendment with regard to sexual abuse or physical assault. *See Harper v. Showers*, 174 F.3d 716, 719-720 (5th Cir. 1999)(citations omitted). First, the sexual abuse or assault must be objectively sufficiently serious; second, the prison officials involved must have acted with deliberate indifference, i.e., a sufficiently culpable state of mind. *See Boddie*, 105 F.3d at 861; *Harper*, 174 F.3d at 719-720; *Copeland v. Nunan*, No. 00-20063, 2001 WL 274738, *2 (5th Cir. Feb. 21, 2001). Not every

3

incident of sexual abuse will meet this test. Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation. *See Boddie*, 105 F.3d at 861. Of course, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Simply put, a prisoner can not recover under section 1983 for *de minimis* physical and/or psychological injuries.

Plaintiff's factual allegations, taken as true for the purposes of this Report, establish that on one particular date, Sgt. Austin brushed his genitals on plaintiff's leg. Plaintiff has not alleged that Austin ever touched him before or after this single incident and he does not allege the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation.

The alleged single, brief physical contact by Austin is not sufficiently serious and pervasive to permit redress under the Eighth Amendment. This determination is in accord with the reasoning of both *Boddie*, 105 F.3d at 861 (inmate was allegedly verbally harassed, fondled, and pressed against without his consent) and *Copeland*, 2001 WL 274738, *3 (inmate suffered unwanted touching); *see also Tillman v. Bradford,* 2915 WL 6132128 (W.D. La. Sept. 17, 2105; *see also Washington v. City of Shreveport*, 2006 WL 1778756 *6 (W.D. La. June 26, 2006) (inmate's breast was fondled, her inner thigh was touched, and sexual remarks made) (citing *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment) and *Buckely v. Dallas County*, No. 397-CV-1649BC, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000) (prison guards' fondling of

4

inmate in an inappropriate manner while conducting a routine pat-down search did not violate Eighth Amendment).

In other words, plaintiff's allegations of sexual abuse, taken as true for the purposes of this report, establish no Constitutional violation.

*3. Excessive Force*

Plaintiff also claims that when he left the supervisor's office after speaking with Sgt. Swell, Sgt. Gary Killingsworth pulled out his tazer and told him to go back to the dorm. His complaint seems to state that he is making a claim for excessive force as a result of this exchange.

Claims of verbal abuse are not actionable under § 1983, see *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997)(verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)); *see also Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights); *McDowell v. Jones*, 990 F.2d 433 (8th Cir.1993) (verbal threats and name calling usually are not actionable under § 1983); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (*per curiam*) (name calling does not allege a constitutional claim). Therefore, to the extent that plaintiff claims a violation of his Eighth Amendment rights occurred when Sgt. Killingsworth pulled out his tazer and told him to go back to his dorm, those allegations fail to state a claim for which relief may be granted.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(I)

and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 12, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**